UNITED STATES BANKRUPTCY COURT
DISTRICT OF COLORADO

In re:

MOUNTAIN CITY MEAT CO., INC.

Debtor.

Case No. 11-32656

Chapter 11

**MOTION FOR AN ORDER AUTHORIZING
AND DIRECTING JOINT ADMINISTRATION**

Mountain City Meat Co., Inc. (the "Debtor"), for its Motion for an Order Authorizing and Directing Joint Administration, states as follows:

## BACKGROUND

1.  On September 24, 2011 (the "Petition Date"), the Debtor filed its voluntary petition (the "Voluntary Case") for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101, et seq. (the "Bankruptcy Code"). The Debtor continues to manage and operate its business as a debtor in possession pursuant to Bankruptcy Code §§ 1107 and 1108.

2.  The Debtor is a Colorado corporation and is one of the largest portion control beef processors in the United States. Through its headquarters and manufacturing facility in Denver, Colorado, and its second manufacturing facility in Nashville, Tennessee, the Debtor supplies high quality ground beef and portion control steak cuts through several channels, including retail stores, chain restaurants and broadline food service distributors.

3.  Prior to the Petition Date, on August 9, 2011, the Debtor's board of directors (the "Board") appointed BGA Management, LLC d/b/a Alliance Management, through its agent, Alex G. Smith ("Alliance") as Chief Restructuring Officer ("CRO") of the Debtor until the need for a CRO no longer existed, as evidenced by that certain Memorandum of Action of the Board of Directors of Mountain City Meat Co., Inc., dated August 11, 2011, as clarified by that certain Memorandum of Board, dated September 1, 2011 (collectively, the "Board Resolution").

4.  Immediately after appointing Alliance as CRO, the Board and all of the Debtor's officers resigned.

5.  Two days later, on August 11, 2011, the Debtor's secured lender, Fifth Third Bank (the "Secured Lender") commenced an action against the Debtor in the Denver District Court, Case No. 2011CV5635, seeking, among other things, the appointment of Alliance as receiver for substantially all of the Debtor's assets and to operate the Debtor's business and prepare the company for sale.

6.  At 5:00 p.m. that same day, the Denver District Court entered its Stipulated Order for Forthwith Appointment of Receiver (the "Receivership Order") appointing Alliance as receiver for the Debtor's personal property and related operations.

15368\2\1586028.6

7. However, just minutes earlier, certain putative unsecured creditors of the Debtor (the "Petitioning Creditors") initiated an involuntary petition under chapter 7 of the Bankruptcy Code, commencing case number 11-29209-HRT, in order to establish priority pursuant to Bankruptcy Code § 503(b)(9) for goods sold to the Debtor within 20 days before the date of the involuntary petition at the expense of other creditors (the "Involuntary Case").

8. The Petitioning Creditors' aggregate claims allegedly total $2,461,429.56. (Dkt. #1 in Case No. 11-29209).

9. On September 6, 2011, the Debtor filed its Motion to Dismiss the Involuntary Case, seeking to dismiss the Involuntary Case because (i) it was filed in bad faith and (ii) the interests of creditors and the Debtor would be better served by dismissal. (the "Motion to Dismiss," Dkt. #30 in Case No. 11-29209).

## JOINT ADMINISTRATION

10. In front of this Court is the Involuntary Case, the Debtor's Motion to Dismiss the Involuntary Case, and the subsequently filed Voluntary Case. The Debtor is concerned that having both the Voluntary Case and the Involuntary Case simultaneously pending would be costly and inefficient, could deter potential buyers, and could lead to confusion and error amongst creditors.

11. Fed. R. Bankr. P. 1015(a) permits the Court to consolidate bankruptcy proceedings where there are "two or more petitions by, regarding, or against the same debtor [] pending in the same court." However, in light of the fact that the Debtor is seeking to dismiss the Involuntary Case, it would be premature and improper to consolidate the two cases at this time.

12. The court in In re Premier Gen. Holdings, Ltd. analyzed the proper procedure to employ under this scenario. 427 B.R. 592 (Bankr. W.D. Tex. 2010). The court stated that there is typically little reason to accede to the date voluntarily selected by the debtor over the date selected by its creditors because the "debtor has every reason to time its filing to shelter vulnerable transfers, and the ability to file a petition that constitutes an order for relief without the necessity of an adjudication makes it that much easier to pursue that strategy." Id. at 599. Thus, and in light of Rule 1015(a), the court noted that in the "usual case," the filing of a voluntary petition while an involuntary petition is pending will result in the entry of an order for relief in the involuntary case, and the consolidation of both cases under the first filed case number. Id. at 600.

13. However, the court noted that there may be a case with unique facts such that an order for relief should not be entered in the first case. Id. at 600 n.7. In such a case, "a debtor ought to be able to argue, at the very least, for dismissal of the involuntary case, on a showing of cause, thereby assuring that the filing date for the second-filed case will control." Id.

14. Based on this analysis, the court held that the proper procedure to employ is as follows:

*1.* Treat the filing of the voluntary petition as the functional equivalent of a

motion to convert the involuntary case to a voluntary case under the chapter selected by the debtor.

**2.** Consolidate the two cases into a single case, with the first filed case (and case number) controlling.

**3.** Afford the debtor the opportunity, on motion and an opportunity for a hearing, to seek the dismissal of the involuntary petition for cause, with the burden of proof placed on the debtor.

Id. at 602.

15. The cases at hand have the unique facts contemplated by the Premier court that should lead this Court to jointly administer, rather than consolidate, the two cases under the Voluntary Case. The Petition Date of the Voluntary Case is not an attempt to shelter transfers. To the contrary, it is an attempt to better serve the interests of the estate and creditors as a whole. As set forth in the Motion to Dismiss, the Petitioning Creditors improperly rushed to file the Involuntary Case to preserve administrative expense claims under Bankruptcy Code § 503(b)(9) for goods sold to the Debtor 20 days before the date of the Involuntary Case. Payment of the Petitioning Creditors' administrative expense claims could leave the estate administratively insolvent from the outset and may deprive unsecured creditors of any chance of recovery, let alone equal distributions. If the Voluntary Case Petition Date is used, the Petitioning Creditors' claims will be treated as unsecured claims and they will share evenly in distributions with similarly situated creditors. Further, this will provide the estate with funds to properly administer the estate and market and sell the Debtor's assets.

16. Unlike the "usual case" described in Premier, the filing of the Voluntary Case is not an admission by the Debtor that bankruptcy was the best option for it. The Voluntary Case was filed because the Involuntary Case was pending and causing problems for the Debtor in terms of attracting a buyer. The Debtor believes that jointly administering the cases pending determination of the Motion to Dismiss is the most effective and efficient means given the posture of the two cases. The vast majority of the filings in the two cases will be in the Voluntary Case. Accordingly, the Debtor requests that one file and one docket be maintained for both cases, which file and docket should be the file and docket established for the Chapter 11 case for the Debtor, since this is where the majority of pleadings will be filed.

**REMAINDER OF PAGE INTENTIONALLY LEFT BLANK**

17. To that end, the Debtor requests that the following form of caption be utilized for all pleadings and orders in these cases:

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF COLORADO**

| | |
|---|---|
| In re<br><br>MOUNTAIN CITY MEAT CO., INC.<br><br>Debtor. | Bankruptcy Case Nos. 11-29209-HRT, 11-32656<br><br>Jointly Administered Voluntary and Contested Involuntary Cases under<br>Case No. 11-32656<br><br>Chapter 11 |

18. Joint administration of these bankruptcy cases will not result in any prejudice to the Debtor's creditors or other parties-in-interest and will facilitate resolution of the competing cases.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an Order granting the relief requested in this Motion and such other relief as is just and proper.

Dated this 24th day of September, 2011

**BROWNSTEIN HYATT FARBER SCHRECK, LLP**

*s/Michael J. Pankow*
Michael J. Pankow, #21212
Daniel J. Garfield, #26054
Heather E. Schell, #38931
410 17th Street, Suite 2200
Denver, Colorado 80202
Telephone: (303) 223-1100
Facsimile: (303) 223-1111
mpankow@bhfs.com
dgarfield@bhfs.com
hschell@bhfs.com

*Proposed Attorneys for the Debtor*